UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE BROWN COMPANY OF WAVERLY, LLC,

    Plaintiff,

v.                                                      Case No. 1:09-CV-802

SUPERIOR ROLL FORMING, INC.,

                                                   HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

Plaintiff, The Brown Company of Waverly, LLC ("Brown-Waverly"), has filed suit against the Defendant, Superior Roll Forming, Inc. ("Superior"), alleging breach of contract in connection with an automotive supply contract. Now before the Court is Superior's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court will deny the motion.

## Background

Brown-Waverly, an Ohio limited liability company, is a Tier 1 automotive supplier with its principal place of business in Waverly, Ohio. Superior, an Ohio corporation with its principal place of business in Valley City, Ohio, supplies automotive component parts to Tier 1 suppliers, including Brown-Waverly. In July 2009, Brown-Waverly brought this suit in Ionia County (Michigan) Circuit Court. Invoking diversity jurisdiction under 28 U.S.C. § 1332, Superior subsequently removed the case to this Court.[1]

---

[1] For purposes of establishing diversity jurisdiction, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Group*, LLC, __ F.3d __, 2009 WL 3425687, at * 1(6th Cir. 2009). Brown-Waverly did not identify the citizenship of its members in its Complaint. Superior, however, alleges in its Notice of Removal that "records filed with the Ohio Secretary of State state that the sole member of Plaintiff is The Brown Corporation of America, a corporation organized under the laws of Michigan, thereby making Plaintiff a Michigan

The Complaint alleges that in 2006 the parties entered into a supply agreement under which Superior supplied Brown-Waverly with three-pass and four-pass beams, which are rails used to manufacture the three and four-row passenger seating versions of the Ford Econoline van. (Comp. ¶¶ 7, 17.) Under the terms of the agreement, if the price of steel fluctuated by more than 5% or if Brown-Waverly located a supplier that would sell steel to Superior for less than $40.25 per hundred weight, the "plug value" indicated in the initial quotation, the contract price would be adjusted accordingly. (*Id*. ¶¶ 11-12.) In addition, the most recent purchase order contained a 20-day credit term. (*Id*. ¶ 16.)

Brown-Waverly alleges that it obtained a commitment from Kenwal Steel to sell steel to Superior for $35.50 per hundred weight, but Superior refused to purchase steel from the Kenwal or to reduce its price. (*Id*. ¶¶ 19-20.) When the price of steel increased, Superior imposed a corresponding increase in the price of the parts sold to Brown-Waverly. *(Id*. ¶¶ 21-23.) When the price of steel subsequently and "dramatically" decreased, however, Superior refused to reduce its prices accordingly. (*Id*. ¶¶ 31-32.) Moreover, Superior has demanded that Brown-Waverly pay on a cash-in-advance basis despite the 20-day credit term contained in the parties' agreement. (*Id*. ¶ 34.)

Thus, Brown-Waverly claims that Superior has breached its contractual obligations both in refusing to lower the price of parts sold to Brown-Waverly and in demanding that Brown-Waverly pay on a cash-in-advance basis. (*Id*. ¶¶ 41-42.) Brown-Waverly seeks both damages and declaratory relief.

---

citizen for purposes of diversity analysis." (Def.'s Notice of Removal ¶ 3.) Brown-Waverly has not challenged Superior's basis for removal.

**Discussion**

Superior requests that the Court transfer this case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).[2] On a motion to transfer under § 1404(a), the moving party bears the burden of proving why a court should transfer the action. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995); *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978). This burden is a heavy one and requires the moving party to show that the balance of factors weighs strongly in favor of transfer. *See Holiday Rambler Corp. v. Am. Motors Corp.*, 254 F. Supp. 137, 139 (W.D. Mich. 1966).

In considering a motion to transfer venue under § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The private interests of the parties include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Campbell v. Hilton Hotels Corp.*, 611 F. Supp. 155, 157 (E.D. Mich. 1985) (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)). The "locus of operative facts" is also a relevant

---

[2]That section provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute that this action *could* have been brought in the Northern District of Ohio. Therefore, the Court may proceed to consideration of whether the interests of justice and the convenience of the parties and witnesses weigh in favor of transfer. *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).

factor. *Wayne County Employees' Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 974 (E.D. Mich. 2009). Public interest factors include: (i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law. *See Jumara*, 55 F.3d at 879-80.

**I. Specific Factors**

    **A. Plaintiff's Choice of Forum**

As a threshold matter, it is well settled that a plaintiff's choice of forum is entitled to substantial weight in a § 1404(a) analysis. Generally, the plaintiff's choice of forum should not be disturbed unless the balance of the other factors weighs strongly in favor of transfer. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)); *Warrick v. Gen. Elec. Co.* (*In re Warrick*), 70 F.3d 736, 741 (2d Cir. 1995) (per curiam) (quoting *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1996)).

Superior argues that Brown-Waverly's choice of forum is not entitled to substantial deference because its chosen forum, Michigan, is not its principal place of business. *See Danuloff v. Color Ctr.*, No. 93-CV-73478-DT, 1993 WL 738578, at *3 (E.D. Mich. Nov. 22, 1993) ("[W]here a plaintiff chooses to litigate away from its principal place of business, 'the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff.'") (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991)). It is true that where a plaintiff has no real connection with the chosen forum, the defendant's burden

will be more easily met. *See id.* (noting that the plaintiff's only connections with the chosen forum were the fact that his counsel practiced law in that state and it was the state where he filed suit). However, "[t]he deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason." *Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 654 (D. Del. 2008). As discussed *infra*, Brown-Waverly chose this forum because all of its witnesses, both party and non-party, reside in Michigan.[3] As such, "the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." *Id.*

**B. Convenience of the Parties and Witnesses**

Superior argues that litigating this case in Ohio would be more convenient for the majority of its witnesses. In support, Superior names several employee-witnesses, all of whom reside in Ohio, and all of whose "testimony will concern Superior's and Brown-Waverly's supply relationship, Superior's contractual obligations to Brown-Waverly and Superior's decision to require cash-in-advance payments from Brown-Waverly." (Def.'s Mot. at 7.) Superior bolsters its argument that Ohio is the more convenient forum by noting that the named witnesses constitute half of Superior's staff and requiring their travel to Michigan will hinder Superior's ability to operate its business. (*Id.* at 7-8.)

Brown-Waverly's response is that all of its witnesses, both party and non-party, reside in Michigan. (Pl.'s Br. in Opp'n to Def.'s Mot. at 5.) Specifically, Brown-Waverly names two (2) party witnesses, Steve Gross and David Montri, and five (5) non-party witnesses, Dave Bazzy, Curtis Hahn, Robin Heaton, Jeff Greenop, and Richard Fetzer. (*Id.* at 5,7.) Brown-Waverly bolsters

---

[3]Brown-Waverly also has a connection with this forum because its sole member, The Brown Corporation of America, is a Michigan corporation located in this district.

its argument that Michigan is the more convenient forum by explaining which of its witnesses are material and the details of their testimony. For example, David Bazzy, who was president of Kenwal Steel in 2007, "will testify that Kenwal Steel offered to sell steel for 12% less than the price contained in [Superior's] quotation." (*Id*. at 7.) David Montri, "will testify that, after steel prices dropped in October 2008, he repeatedly contacted [Superior] to request that it comply with its contractual obligation to lower the price of the parts that it was selling to Brown-Waverly." (*Id.* at 5-6.)

The convenience of the witnesses is one of the most important factors in the transfer analysis. *Thomas*, 131 F. Supp. 2d at 937. It is not merely the raw number of witnesses that tips the scales, however, but the materiality of their testimony. *Id*. Indeed, the testimony of one chief-witness may outweigh inconvenience to multiple, less significant witnesses. *Id*. "That is why the parties should provide each witness's name and an outline of the material testimony that witness would provide." *Id*. Moreover, "[i]t is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994).

Superior has identified several employee-witnesses, but it has failed to outline the particular testimony that each will provide or identify which among them are key witnesses. It has stated only that each witness will testify as to the "supply relationship" and "contractual obligations" of the parties. Brown-Waverly, on the other hand, has outlined the particular testimony to be given by its witnesses, at least two of whom are key witnesses. Moreover, while Brown-Waverly has named five non-party witnesses, Superior has failed to name any. The Court finds that the convenience of the witnesses weighs strongly in favor of Brown-Waverly.

Superior's argument that requiring its employee-witnesses to travel will hinder its ability operate goes to the convenience of the parties. The Court finds that this argument does not outweigh the plaintiff's choice of forum. *Wayne County Employees' Ret. Sys.*, 604 F. Supp. 2d at 976 (finding that disruption to the operation of defendant's business did not outweigh plaintiff's choice of forum). Thus, convenience of the parties also weighs in favor of Brown-Waverly.

**C. Locus of Operative Facts**

Defendant argues that all operative facts giving rise to this claim occurred in Ohio. That is, Ohio is the principal place of business for both Superior and Brown-Waverly, the contract was negotiated in Ohio, Superior manufactures and ships its products in Ohio, and Brown-Waverly accepts delivery in Ohio. (Def.'s Mot. at 6.) Brown-Waverly does not dispute these facts, but contends that this case has nothing to do with the manufacturing, shipping, or acceptance of parts in Ohio. Rather, the dispute is concerned only with Superior's alleged breach through refusal to lower its prices and refusal to abide by the 20-day credit terms in the parties' agreement. (Pl.'s Br. in Opp'n to Def.'s Mot. at 5-6.) Because the locus of operative facts for purposes of a §1404(a) motion is generally considered to be "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred," *Reinhard v. Dow Chem. Co.*, No. 07 Civ. 3641(RPP), 2007 WL 2324351, at *6 (S.D.N.Y. Aug. 13, 2007) ( quoting *Prudential Sec. Inc. v. Norcom Dev., Inc.*, No. 97 Civ. 6308(DC), 1998 WL 397889, at *4 (S.D.N.Y. July 16, 1998)), the Court finds that this factor weighs in favor of transfer.

**D. Availability of Process to Compel Attendance of Unwilling Witnesses**

Superior does not argue that it would be unable to compel attendance of unwilling witnesses in Michigan, nor could it, as all of its named witnesses are employee-witnesses. *See Thomas*, 131

7

F. Supp. 2d at 940 ("The Court will not consider the availability of compulsory process as it relates to a defendant's employees."). Brown-Waverly notes that although its non-party witnesses could be compelled to testify by the Western District of Michigan if need be, they could not be so compelled by the Northern District of Ohio. *See* Fed. R. Civ. P. 45(b)(2); M.C.R. 45(c)(3). However, it fails to name any specific witness who would be unwilling. The Court finds that this factor weighs slightly in favor of Brown-Waverly.

### E. The Location of Relevant Documents

Superior contends that all of its relevant documents are located in Ohio, while Brown-Waverly contends that all of its relevant documents are located in Michigan. Neither party purports to have such a large volume of documentary evidence that transport is not possible. *See Danuloff*, 1993 WL 738578, at *5 ("[D]efendants need to demonstrate that a large volume of documentary evidence must be transported and that it is not possible to reduce the volume through other discovery techniques."); *cf. Wayne County Employees' Ret. Sys.*, 604 F. Supp. 2d at 976 ("[T]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.") (quoting *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. LaFarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007)). The Court finds that this factor weighs in favor of neither district.

### F. Forum's Familiarity with the Governing Law

The parties do not provide a choice-of-law analysis. Even assuming that Ohio law applies, however, this factor weighs only slightly in favor of transfer as no complex legal issues are involved. *See ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d 542, 550-51 ("A forum's familiarity with the governing law, however, is one of the least important factors in determining a motion to transfer,

especially where no complex questions of foreign law are involved."); *Schiedt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (finding that the relative simplicity of common law fraud and breach of contract claims under Florida law were not a significant concern in the transfer analysis).

## II. Balancing the Factors

Superior has shown only that two of the factors, locus of operative facts and forum's familiarity with the governing law, weigh in favor of transfer. The remaining factors are either neutral or weigh in favor of Brown-Waverly, including the most heavily weighted factor– convenience of the witnesses. *See Gundle Lining Constr. Corp.*, 844 F. Supp. at 1163. As such, Superior has not met its burden of demonstrating that the balance of factors weighs *strongly* in favor of transfer. *Holiday Rambler Corp.*, 254 F. Supp. at 139; *see also In re Horseshoe Entm't*, 337 F.3d 429, 433-434 (5th Cir. 2003) (denying transfer even where the factors were evenly split for and against transfer); *Sloan v. Borgwarner, Inc.*, No. 09-CV-10918, 2009 WL 1975492, at *1-2 (E.D. Mich. July 7, 2009) (affirming denial of transfer where only two of the relevant factors, locus of operative facts and costs of obtaining willing witnesses, favored transfer).

## Conclusion

For the foregoing reasons, the Court will deny Superior's motion to transfer venue.

An Order consistent with this Opinion will be entered.


Dated: November 25, 2009                                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE